UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:07-CR-00057-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| CYRIL EGU, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Presently before the court is Defendant Cyril Egu's Motion in Limine (#32) seeking to exclude evidence of Defendant's prior bad acts. The government has filed a response (#34). In particular, Defendant's motion seeks to exclude evidence of Defendant's "interception of packages delivered to 2710 Avenida De Landa and 4415 Bitteroot Road on multiple occasions." (Def.'s Mot. Limine (#32).) Defendant asserts that this conduct is not a part of the alleged criminal conduct charged in the indictment, which involves two alleged incidents of identity theft.

Defendant allegedly used the Avenida De Landa address to create various accounts in the name of Sam Zeszut, the victim identified in Counts Three and Four of the indictment. Defendant allegedly made several purchases using these fraudulent accounts and had the packages delivered to 2710 Avenida De Landa. The drivers who made these deliveries reported that either before they arrived or after they left the residence, they were approached by an individual claiming to be the customer who ordered the merchandise to be delivered. The drivers described the individual as a middle-aged, black male, medium build, with a heavy African or Caribbean accent. The individual

drove a large Black Mercedes and a black Hummer H2.  Through a photograph, several of these drivers identified Defendant.

In particular, the government seeks to introduce evidence relating to Wayne Nebes, a United Parcel Service driver, who in August of 2006 attempted to deliver merchandise to the Avenida De Landa address.  When Mr. Nebes attempted to deliver the merchandise, no one was home, so he left a notice at the residence.  That same day, Defendant flagged Mr. Nebes down and presented him with the notice.  Mr. Nebes gave Defendant the packages.  Two weeks later, Defendant approached Mr. Nebes and informed him that he would be moving to 2648 Rayma Court.  This is the address to which the laptop computers described in Count 4 of the indictment were delivered.

Similarly, Defendant allegedly used the Bitteroot Road address to create various accounts in the name of Robert Olson, the victim identified in Counts One and Two of the indictment.  On December 26, 2006, United States Postal Inspector Steve Hofheins witnessed a United Parcel Service driver, Mike Chenault, attempt to deliver merchandise to the Bitteroot Road address.  As no one was home, Mr. Chenault left a notice slip.  Officer Hofheins then witnessed Defendant remove the notice slip, make contact with Mr. Chenault, and take into his possession three packages addressed to Mr. Olson at the Bitteroot Road address.  Mr. Chenault informed the officers that Defendant had presented a credit card with the name of Robert Olson.

The government also seeks to introduce evidence involving the Bitteroot Road address and Sean Hanczrik, a Federal Express driver.  On November 14, 2006, Mr. Hanczrik delivered two Apple computers to 4415 Bitteroot Road.  Count II of the indictment references this merchandise.  In addition, Mr. Hanczrik remembers making multiple deliveries to this address in 2006.  Before or after each of these deliveries, an individual driving a Black Hummer H2 would approach Mr. Hanczrik and claim the merchandise to be delivered.  Through a photograph, Mr. Hanczrik has identified Defendant.

///

The government seeks to introduce this evidence pursuant to Federal Rule of Evidence 404. Rule 404(a) prohibits the introduction of evidence of a person's character for the purpose of proving action in conformity therewith on a particular occasion. Fed. R. Evid. 404(a). However, Rule 404(b) permits the use of otherwise inadmissible evidence of prior bad acts for purposes of demonstrating proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Fed. R. Evid. 404(b). Evidence may be admitted pursuant to Rule 404(b) if (1) the evidence tends to prove a material point, (2) the other act is not too remote in time, (3) the evidence is sufficient to support a finding that the defendant committed the other act, and (4) the act is similar to the offense charged. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (citations omitted).

The government maintains that, under Rule 404(b), the above-cited evidence tends to prove Defendant's identity, plan, and knowledge. The court agrees. As the evidence directly relates to the conduct charged in this case, the evidence tends to prove a material point. If true, the evidence identifies Defendant and demonstrates a plan by Defendant to use the identities of others to purchase and receive merchandise at various vacant addresses. Further, the evidence ties Defendant to the victims, an address, and merchandise identified in the indictment.

Likewise, the remaining Rule 404(b) factors weigh in favor of admissibility. First, as the conduct occurred during the same six-month period as the events charged in the indictment, the evidence is not too remote in time from the allegations in the indictment. In addition, there is sufficient evidence to allow the jury to conclude the defendant committed these acts. Finally, the offense charged is substantially similar to the evidence of Defendant's conduct the government seeks to introduce. Accordingly, the court finds the evidence admissible under Rule 404(b).

Even if otherwise admissible under Rule 404(b), under Rule 403 the court must be mindful to weigh the probative value of the evidence against its prejudicial effect. *United States v. Hadley*, 918 F.2d 848, 850-51 (9th Cir. 1990). In demonstrating intent, plan, and knowledge, the probative

1  value of the evidence is great.  Similarly, the court is satisfied that the prejudicial effect of this
2  evidence is low.  As the evidence directly relates to the offenses charged, there is no indication that
3  this is the type of evidence that will unfairly prejudice the jury against Defendant.  In addition, the
4  evidence is not complex, confusing, or burdensome and is unlikely to confuse or mislead the jury
5  who should easily be able to distinguish between this evidence and the offenses charged.  Finally,
6  presentation of the evidence is unlikely to result in undue delay, waste of time, or needless
7  presentation of cumulative evidence.  Accordingly, the court finds the evidence admissible under
8  Rule 403.

9      IT IS THEREFORE ORDERED that Defendant's Motion in Limine (#32) is hereby
10 DENIED.

11     IT IS SO ORDERED.
12     DATED this 9th day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE